UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**RALPH TAFEL, III,**

**Plaintiff,**

        **-v-**                    **1:11-CV-648 (NAM/DRH)**

**GOLUB CORPORATION and HARTFORD LIFE
INSURANCE CO., LISA GAINEY, MICHELLE
BURDETT and RACHAEL WALTS,**

**Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

GRASSO, RODRIGUEZ & GRASSO
Nicholas J. Grasso, Esq.., of counsel
751 State Street
Schenectady, New York 12307
Attorneys for Plaintiff

SEDGWICK LLP
Michael H. Bernstein, Esq., of counsel
John T. Seybert, Esq., of counsel
125 Broad Street - 39th Floor
New York, New York 10004-2400
Attorneys for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

Defendants move (Dkt. No. 12) to dismiss the complaint for failure to state a claim upon

which relief can be granted.  *See* Fed.R.Civ.P. 12(b)(6).  As explained below, the Court grants the

motion and dismisses the complaint.

**PROCEDURAL BACKGROUND**

On May 16, 2011, plaintiff commenced this action in New York State Supreme Court,

Schenectady County (Index No. 2011-917).  On June 10, 2011, defendants removed the case to

this Court, alleging federal question jurisdiction under 28 U.S.C. § 1331 on the ground that

plaintiff's claims are completely preempted under sections 502(a)(1)(B) and 514(a) of the

Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. §§1132(a)(1)(B); 1144(a).[1]

Plaintiff did not move for remand.

On July 1, 2011, United States Magistrate Judge David R. Homer extended the time for

plaintiff to serve and file an amended complaint to August 8, 2011 (Dkt. No. 11).  Plaintiff did not

file an amended complaint.

On August 26, 2011, defendants filed the instant motion to dismiss (Dkt. No. 12).

Plaintiff's opposition, due on October 7, 2011, was filed on October 19, 2011.  It did not include a

memorandum of law as required by Local Rule 7.1(a)(1).  By Order dated October 26, 2011 (Dkt.

No. 19), the Court denied defendants' letter motion (Dkt. No. 18) to strike plaintiff's opposition

as untimely and deficient.  The Court advised that it would accept a memorandum of law filed by

plaintiff by November 3, 2011.  Plaintiff never filed a memorandum of law.  Rather, on

November 7, 2011 plaintiff's attorney filed a letter stating: "Our Opposition papers are based

solely on factual determinations and therefore do not required [*sic*] any Memorandum of Law."

---

[1] Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) provides in part:
(a) A civil action may be brought--
   (1) by a participant or beneficiary--
      ***
      (B) to recover benefits due to him under the terms of his plan, to enforce his rights under
      the terms of the plan, or to clarify his rights to future benefits under the terms of the
      plan[.]

Under section 514(a) of ERISA, 29 U.S.C. § 1144(a) the provisions of ERISA "shall supersede
any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described
in section 1003(a) of this title and not exempt under section 1003(b) of this title."  It is undisputed that the
Plan in issue in this case is a qualifying plan under ERISA.

-2-

Defendants filed their reply on November 14, 2011.

## COMPLAINT

In his complaint, plaintiff claims that, while a full-time employee of defendant Golub Corp., he enrolled in its Group Long Term Disability Plan, policy number GLT-209007 (the "Plan"), administered by defendant Hartford Life Insurance Co. ("Hartford").  On an unspecified date, plaintiff was diagnosed with multiple sclerosis.  Plaintiff's claim for benefits was approved, and Hartford paid him monthly benefits at 60% of his pre-disability income.

The complaint alleges that on a number of occasions plaintiff corresponded with defendants, including the individual defendants, who were Hartford employees; that on December 28, 2008 and prior thereto they told him that he qualified for Long Term Disability and was entitled to benefits up to 60% of his pre-disability income; that "subsequent thereto and up to and including December 28, 2008," Hartford employees told him that he was entitled to benefits up to 80% of his pre-disability income.  The complaint contains causes of action for fraud, specific performance, breach of contract, negligence, and accounting, all under New York State common law.  Plaintiff seeks to recover benefit payments in the amount of 20% of his pre-disability income, plus punitive damages.

## DISCUSSION

On this motion, defendants contend that plaintiff's complaint must be dismissed on the ground that it comprises only New York State common law causes of action, all of which are preempted by ERISA.  Plaintiff does not address this issue, but rather states that his opposition is "based solely on factual determinations."

Defendants are correct that all causes of action in the complaint are preempted by ERISA

§502(a)(1)(B).  Plaintiff's causes of action are all based on his challenge to the benefit calculation under the Plan.  His common law tort, contract, and accounting causes of action are based on the allegedly improper calculation of his claim for benefits, resulting in his receiving less than he was entitled to under the Plan.[2]  Such claims "undoubtedly" meet the criteria for preemption under § 514(a).  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987).  Likewise, plaintiff's fraud claim concerns defendants' alleged misrepresentations that he was entitled to benefits calculated at 60% of his pre-disability income, instead of the 80% to which plaintiff claims he was entitled under the Plan.  He does not claim that – due to fraud or other conduct by defendants – he is entitled to benefits in an amount different from that provided by the terms of the Plan.  In other words, plaintiff's claims all seek to remedy the allegedly wrongful denial of a portion of the benefits promised under the Plan, *see Aetna Health Ins. v. Davila*, 542 U.S. 200, 214 (2004), *quoted in Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008); they do not seek to remedy "any violation of a legal duty independent of ERISA." *Aetna Health Ins.*, 542 U.S. at 214; *accord Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011).  As such, they are preempted.

Plaintiff does not request leave to serve an amended complaint.  Indeed, Magistrate Judge Homer gave plaintiff the opportunity to amend his complaint, which plaintiff failed to do despite the fact that the removal to federal court put him on notice of the preemption issue.  In any event, amendment would be futile.  Based on the face of the complaint and the policy incorporated

---

[2] If plaintiff intended to base his accounting cause of action on 29 U.S.C. § 1024(b)(4) and the analogous Plan provision, the claim would fail on the ground that the document he requested is not covered by that section.

N

therein by reference,[3] there is no merit to plaintiff's claim that he is entitled under the Plan to

benefits in the amount of 80% of his pre-disability income, or to any amount above the 60%

which he received.  Moreover, plaintiff concedes that he failed to utilize the Plan's administrative

appeal procedure to challenge the amount of benefits he received.  Thus, it appears that any

ERISA claim would be subject to dismissal for failure to exhaust administrative remedies.[4]

Defendants' motion is granted and the complaint is dismissed as against all defendants.

## CONCLUSION

It is therefore

ORDERED that defendants' motion (Dkt. No. 12) is granted; and it is further

ORDERED that the complaint is dismissed.

IT IS SO ORDERED.

January 31, 2012
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge

---

[3] According to defendants, plaintiff has attached the wrong policy to this complaint.  Defendants submit the correct policy.  The relevant provisions in the two policies are identical.

[4] In *Novella v. Westchester Co.*, 661 F.3d 128, 135, n.10 (2d Cir. 2011), the Second Circuit recently observed:

> Although "ERISA does not contain an explicit exhaustion[-]of [-]remedies requirement ... this Circuit has inferred [one]." *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 79 n. 3 (2d Cir.2009); *see also id.* at 79 (noting that "an ERISA action may not be brought in federal court until administrative remedies are exhausted").